[830 NYS2d 556]

In the Matter of MARC EVAN ROVNER, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, January 23, 2007

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppague (*Michael Fuchs* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

**OPINION OF THE COURT**

Per Curiam.

On August 15, 2005, the respondent entered a plea of guilty

in the Supreme Court, Queens County, Criminal Term, before the Honorable Richard L. Buchter, to one count of promoting gambling in the first degree, a class E felony, in violation of Penal Law § 225.10 (1). The respondent admitted that in or about February 6, 2005, acting in concert with other defendants in furtherance of a bookmaking operation in Queens County and elsewhere, he advanced and profited from said bookmaking operation in that he "participated in the acceptance of five bets for more than $5,000.00." On May 22, 2006, the respondent was sentenced to a conditional discharge, a crime victims assessment fee in the sum of $20, and a mandatory surcharge in the sum of $250.

Pursuant to Judiciary Law § 90 (4) (b), an attorney who has been convicted of a New York State felony is disbarred by operation of law. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys is granted.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and GOLDSTEIN, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Marc Evan Rovner, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Marc Evan Rovner, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marc Evan Rovner, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Marc Evan Rovner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).